STEPHEN R. METCALFE *vs.* CUNARD STEAMSHIP COMPANY.

Suffolk.    March 13, 1888. — May 5, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Personal Injuries — Invitation to enter Premises — Licensee — Trespasser.*

A person, wishing to consult a surgeon, whom he erroneously supposed to be attached to a foreign steamship, about bringing his family to this country, went to her wharf on a day of the week other than that when only it was open to the public in the gatekeeper's discretion. Upon finding the gate open, he went in with a companion, without objection, and reached her deck by a freight gangway. There a supposed officer met them, who said, "Well, gentlemen," and who, after the reply, "Good day, please direct us to the doctor's cabin," pointed along a covered passageway, saying, "Go along that passage, and it is a little beyond the end of it." Thereupon he followed his companion along the passageway, and, as he was emerging therefrom, upon his companion saying, "Look at those fellows down there," he turned his head, and almost immediately was struck in the back and knocked into the hold by a bag of flour about to be lowered through an adjoining hatch, at which the vessel was being loaded. *Held*, that the plaintiff was a mere licensee, if not a trespasser, and that he could not recover of the owner of the vessel for the injuries thus sustained.

HOLMES, J.    This is an action of tort for damages for personal injuries suffered by the plaintiff through falling into the hold of the defendant's steamship Catalonia. The case on the plaintiff's testimony was as follows. He wished to consult with Dr. Vincent, one of the defendant's surgeons, about bringing his family to this country. Dr. Vincent, when the plaintiff knew him, was on the Samaria, but had told the plaintiff that he hoped and expected to get exchanged to the Catalonia. He had not been exchanged to that vessel, however, and was not on board of her. The accident was on Tuesday or Wednesday.

The defendant's dock was not open to the public except on Fridays, and then only subject to the gate-keeper's discretion; but the plaintiff and his companion, one McNulty, found the gate open, and went in without objection. At the ship they found a freight gangway, up which they went. When on deck they met a man who, the witnesses thought, had on the uniform of an officer, and who said, " Well, gentlemen." Then the plaintiff answered, " Good day, please direct us to the doctor's cabin." The man pointed along a covered passageway, and said, " Go along that passage, and it is a little beyond the end of it." The way pointed out seems to have been the direct way to the doctor's cabin, although a more roundabout one would have taken them there, and would have avoided the danger. They went along the passageway. Near the end of it was an open hatch, at which the vessel was loading. McNulty was ahead, and said, " Look at those fellows down there." The plaintiff emerged from the passageway, turned his head, and almost immediately was struck in the back and knocked into the hold by a bag of flour which swung across the deck on its way to be lowered through the hatch.

We do not think that, upon a fair construction of these facts, the defendant can be said to have invited the plaintiff upon its premises, or to the place of danger. It could not be presumed by the jury that there was a general invitation to the public at all times, merely because the defendant was a carrier of passengers. The practice is well known to be otherwise with vessels, however large their carrying business. It is shown to have been otherwise on the part of the defendant. The plaintiff got upon the dock only by accident. On reaching the ship he did not find a passenger gangway, but entered by what he knew to be a freight gangway. There was no invitation in that. He did not meet the supposed officer until actually on board, and in speaking to him assumed to be there rightly. His inquiry for the doctor's cabin only called for an answer pointing it out. The answer only purported to point it out, and did not add an invitation to the plaintiff's already implied purpose to go there. Neither did it add any new authority to the plaintiff for remaining on the ship. It took for granted, as the circumstances warranted the speaker in taking for granted, that the plaintiff was

rightly there.  The plaintiff at the highest was a mere licensee, and it is questionable whether he was not a trespasser.  He had no business on board, or if his desire to meet Dr. Vincent be thought to have warranted his inquiring there, he had the opportunity to do so when he met the supposed officer, but he disregarded it.  *Severy* v. *Nickerson,* 120 Mass. 306, 307.

Again, the open hatch and the loading which was going on were not a trap.  The danger was perfectly manifest, and it would seem that the plaintiff would have avoided the injury if his attention had not been turned away by his companion.  The defendant owed the plaintiff no duty to warn him against dangers of this sort.  See *Zoebisch* v. *Tarbell,* 10 Allen, 385; *Larmore* v. *Crown Point Iron Co.* 101 N. Y. 391; *Vanderbeck* v. *Hendry,* 5 Vroom, 467; *Parker* v. *Portland Publishing Co.* 69 Maine, 173; *Bolch* v. *Smith,* 7 H. & N. 736; *Batchelor* v. *Fortescue,* 11 Q. B. D. 474.

Finally, there is no evidence that the loading was not being done in a perfectly proper manner, or that there was any negligence in the handling of the flour, as in *Corrigan* v. *Union Sugar Refinery,* 98 Mass. 577.  See *McLean* v. *Burnham,* (Penn., Jan. 17, 1887,) 8 Atl. Rep. 25.  The case differs in all or nearly all the particulars which we have enumerated from *Warren* v. *Fitchburg Railroad,* 8 Allen, 227, 231; *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216; *Wilton* v. *Middlesex Railroad,* 107 Mass. 108; *Learoyd* v. *Godfrey,* 138 Mass. 315; *Smith* v. *London & Saint Katharine Docks Co.* L. R. 3 C. P. 326; *White* v. *France,* 2 C. P. D. 308; and the other cases cited for the plaintiff.*  The direction to the jury to return a verdict for the defendant was correct.        *Judgment on the verdict.*

*W. Gaston & C. F. Jenney,* (*J. E. Cotter* with them,) for the plaintiff.

*G. Putnam & W. L. Putnam,* for the defendant.

---

* See *Heinlein* v. *Boston & Providence Railroad, post,* p. 136.