## NEGLIGENCE IN MAINTAINING A TURN-TABLE.

[Circuit Court of Portage County.]

THE WHEELING & LAKE ERIE RAILROAD COMPANY v. CARL
HARVEY, BY HIS NEXT FRIEND.

Decided, September Term, 1905.

*Railways—Turn-table near Traveled Path—Child Hurt in Playing upon
It—Contrary Holdings of the Courts—As to Duty of Land Owner
Toward Trespassers—Reasonable Precautions for Protection of
Children.*

Where a railroad company maintains a turn-table upon its right of
way, close to a traveled path along its track, which people, old
and young, have been accustomed to use, without objection for
many years as a traveled way, and further permits children to
play upon such turn-table, without objection—*Held:* That it is its
duty to guard such turn-table, or so securely fasten it that children
of tender years will not be injured while playing upon it.

From the memorandum of authorities submitted by Squire,
Sanders & Dempsey, for plaintiff in error.

The so-called "turn-table doctrine" has never been adopted
in Ohio. Reference to the turn-table cases in *Harriman* v.
*Railway*, 45 O. S., 11, is mere dictum. See the explanation of
the Harriman case in the following cases: *Railroad Company*
v. *Aller*, 64 O. S., 183; *Railroad Company* v. *Cox, Admr.*, 66
O. S., 276; *Railway Co.* v. *Workman*, 66 O. S., 509, pp. 540,
541.

Recent decisions of the Supreme Court are inconsistent with
the turn-table doctrine, which was applicable to these cases
if in force in Ohio: *Railroad Company* v. *Kinz*, 68 O. S., 210;
*Railway Company* v. *Lüdke*, 69 O. S., 384.

Unless a different rule is to be applied in Ohio toward chil-
dren than toward adults, the following cases prevent recovery
in the present: *Railway Company* v. *Bingham*, 26 O. S., 364;
*Railroad Company* v. *Aller, supra.*

The original turn-table case (*Railroad* v. *Stout*, 84 U. S.
[17 Wall.], 657), assumes the question at issue, and is an ex-

tension of cases since overruled. *Railroad Company* v. *Kinz, supra.*

The weight of authority is opposed to the turn-table doctrine: *Frost* v. *Railroad Co.*, 64 N. H., 220; *Daniels* v. *Railroad Co.*, 154 Mass., 349; *Holbrook* v. *Aldrick*, 168 Mass., 15; 36 L. R. A., 493; *McAlpin* v. *Powell*, 70 N. Y., 126; *Walsh* v. *Railroad*, 145 N. Y., 301; *Gillespie* v. *McGowen*, 100 Pa., 144; *Rogers* v. *Lees*, 140 Pa., 475; *Paolino* v. *McKendall*, 24 R. I., 432; *Turess* v. *Railroad*, 61 N. J. L., 314; *Railroad* v. *Raich*, 61 N. J. L., 635; 41 L. R. A., 231; *Retz* v. *Wheeling*, 45 W. Va., 270; 43 L. R. A., 148; *Uthermohlen* v. *Boogs Run Co.*, 50 W. Va., 257; *O'Connor* v. *Railroad Co.*, 45 La. Ann., 339; *Catlett* v. *Railroad Co.*, 57 Ark., 461; *Indianapolis* v. *Emmelman*, 108 Ind., 530; *Palterson* v. *Borough of Woohkahra*, 16 New South Wales, L. R. Cases at Law, 229.

In the following states the turn-table doctrine has been in force but is now repudiated: *Ryan* v. *Towar*, 128 Mich., 463; 55 L. R. A., 310; *Railway* v. *Beavers*, 113 Ga., 298; *Nolan* v. *Railway Co.*, 53 Conn., 461; *Dobbins* v. *Railroad Co.*, 91 Tex., 60; 38 L. R. A., 573.

Those states applying the turn-table doctrine do not carry it as far as the present case, as the turn-table here was fastened, and the requests to charge based upon the following cases should have been given: *Railroad Company* v. *Bell*, 81 Ill., 76; *Kolste* v. *Railroad Co.*, 32 Minn., 133; *Bates* v. *Railroad Company*, 90 Tenn., 36.

The plaintiff was not attracted onto the premises of the railroad company by the turn-table, and the turn-table doctrine does not apply: *Jefferson* v. *B. R. E. Co.* (Alabama, 1887), 38 L. R. A., 458; Elliott on Railroads, Vol. 3, No. 1259.

Brief of W. J. Beckley on behalf of defendant in error.

On behalf of plaintiff it is claimed that the within case is what is denominated in the books a "turn-table" case, and in nearly every aspect corresponds with the material facts found in a large number of cases decided in the various states.

Carl Harvey, at time of injury, was less than six years of age, and therefore could not be said to be guilty of contributory negligence.

While the turn-table was not located in a thickly settled neigh-
borhood, yet it was within the corporate limits of the village of
Kent, and residences were within a few hundred feet of the same,
and was located also midway between two streets of said village,
which were much used for travel, and the tracks of defendant
company between the two streets had for years been used as a
passage-way for pedestrians.

The turn-table was not locked, and the fastening was so slight
that, as shown in the evidence, children of tender years had
lifted the same, and set the turn-table in motion.

The evidence discloses not only that from the situation the
company ought to have anticipated that children would be at-
tracted to the turn-table and play thereon, but actual knowl-
edge of the company of the repeated custom of children moving
and playing upon said turn-table was proven.

We have, therefore, all the necessary ingredients of liability
in the above line of cases, sometimes denominated "dangerous
and attractive nuisances," namely, a machine peculiarly attrac-
tive to children, and latently dangerous to those who might be
attracted thither for the purpose of play; located where the
owner should have anticipated that children would be attract-
ed thereto; actual knowledge that they were wont to play there-
on; insecurely fastened; and no reason whatsoever given by de-
fendant company why the same could not have been safely and
securely locked and not materially interfere with its beneficial
use thereof.

The first and leading case establishing the liability in such
cases is what is commonly denominated the "Stout" case, and
which was once tried before the noted jurist, Judge Dillon, who
delivered the charge to the jury. *Sioux City & P. R. Co.* v.
*Stout,* 17 Wall. (U. S.), 657, followed and approved in *Ry. Co.* v.
*McDonald,* 152 U. S., 262; *Alabama G. S. R. Co.* v. *Crocker*
(Ala.), Vol. 31, S. Rep., 561; *Chicago, B. & O. R. Co.* v. *Krayen-
buhl* (Supreme Court of Neb., decided October 9, 1902), 91 N. W.
Rep., 880; *Edington* v. *Burlington, C. R. & N. Ry. Co.* (Supreme
Court of Iowa, April 12, 1902), Vol. 90, N. W. Rep., 95; *Harri-
man* v. *Ry. Co.,* 45 O. S., 11, especially page 28; *Ry. Co.* v.

*Shields,* 47 O. S., 387; *Ann Arbor R. Co.* v. *Kinz,* 68 O. S., 226-227; *L. S. & M. S. Ry. Co.* v. *Duer, Gdn.,* 11 C. D., 761; 91 Cal., 296 (25 Am. St. R., 186); 92 Cal., 89 (28 Pac. Rep., 104); *Keefe* v. *Mil. R. R. Co.,* 21 Minn., 207 (18 A. Rep., 393); *Kan. R. R. Co.* v. *Fitzsimons,* 22 Kan., 686 (31 Am. Rep., 203, and notes therein cited): *East Tennessee & W. N. C. R. R. Co.* v. *Cargille* (decided by the Supreme Court of Tennessee, November, 1900), found in Vol. 9, Am. Neg. Rep., 200; *Koons* v. *St. Louis R. R. Co.,* 65 Mo., 592; *Nagel* v. *R. R. Co.,* 75 Mo., 652 (42 Am. Rep., 418); *Ilwaco R. Co.* v. *Hedrick,* 1 Wash., 446 (22 Am. St. Rep., 169); *McMahon* v. *Pekin,* 154 Ill., 141, see especially page 149; *Ferguson* v. *Columbus Ry. Co.,* 75 Ga., 637; *Ferguson* v. *Columbus Ry. Co.,* 77 Ga., 102; Central Law Journal, Vol. 42, page 457.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to the Court of Common Pleas of Portage County.

Carl Harvey, a boy six years of age, was injured by having his left leg crushed, necessitating its amputation close to the thigh joint, on the 2d day of July, 1904, while he was riding upon the turn-table of the Wheeling & Lake Erie Railroad Company situated upon its premises in the village of Kent, this county. There is very little dispute, if any, about the facts, and the question presented is: Was the jury justified in inferring negligence, from the facts in the case?

The evidence shows that the turn-table was situated close to the main track on the right of way of the company, in the village of Kent; it is true, not in its most populous section, but in a place where there were a number of dwellings, upon two streets close to the turn-table. The tracks of the company ran north and south at the place of the injury, and numerous persons, adults and children, without objection from the company, were accustomed for a number of years to use a side path along the main track, in going to and fro between these two streets, as well as from other parts of the village. The evidence further shows that children, for some time, at least four or five years, had been accustomed to play upon the turn-table, with the knowledge

of the subordinate employes of the company; when they were turning the turn-table these employes would object, and drive them away; when running over it, playing upon it only, they would not disturb them.

The turn-table was not locked, or otherwise securely fastened. It had a piece of iron known as a brake shoe, four inches wide by sixteen inches long, fitted down into a groove, one end placed upon the end of the turn-table, and the other upon a tie at the end of the switch intersecting the turn-table. This piece of iron weighed about ten to fifteen pounds, and could be easily removed by any one who could lift it. Sometimes this break shoe was in place, but frequently not in place, the turn-table swinging in the wind or by its own motion.

The day the boy was injured, he, with two other boys of larger size, went down the track, along the path for the purpose of getting a small piece of iron; in coming back, and passing the turn-table for the second time, one of the boys suggested that they have a ride on the turn-table, which was unfastened by one of the larger boys lifting out the break shoe. The plaintiff got upon the turn-table, and the two larger boys pushed the turn-table around to give him a ride, when his leg got between the end of the turn-table and the abutment of the switch, and he was injured as stated.

Under these facts, is the company liable? No amount of discussion would help to elucidate or settle the question as it has been gone over in nearly every state of the Union, and the holdings are directly contrary to each other.

Two principles are set forth and maintained in these directly opposite decisions. The first is: That an owner of land may use it in such manner as he sees fit; and if a trespasser or mere licensee, although a child of immature years, is injured, he can not complain, for the reason that, if the owner had used it more carefully, no injury would have resulted, and that in the case of turn-tables, erected and maintained upon the company's land, although in a public place, or in a place where children are in a habit of congregating to play upon the turn-table, is not an invitation or inducement held out to the child to come upon the premises of the company?

This rule has the support of many eminent courts and jurists in a large number of states: *Haunsell* v. *Smith*, 7 C. B. W. S., 731; *Clark* v. *Manchester*, 62 N. H., 577; *Klix* v. *Memon*, 68 Wis., 271; *Gramlich* v. *Wurst*, 86 Penn. St., 74; *Cauley* v. *Pittsburg, Cincinnati & St. Louis Ry. Co.*, 95 Penn. St., 398; *Gillespie* v. *McGowen*, 100 Penn., 144; *Hargarve* v. *Deacon*, 25 Mich., 1; *Sweeny* v. *Old Colony & New Port Ry. Co.*, 10 Allen, 368; *Metcalf* v. *Cunard Steamship Company*, 147 Mass., 66; *Barstow* v. *Old Colony Ry.*, 143 Mass., 535; *Daniels* v. *N. Y. & N. E. R. R. Co.*, 154 Mass., 439; *Frost* v. *Eastern Ry. Co.*, 64 N. H., 220; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y., 301; *D., L. & W. R. R. Co.* v. *Reich*, 61 N. J. Law, 635.

The last case referred to places the rule in its strongest light, the syllabus being as follows:

"1.    The plaintiff, a young child, was injured while upon a turn-table of the defendant company. The turn-table was located upon the private property of the defendant, near to a public street, and was entirely unprotected and unguarded. Children of all ages frequently congregated upon the defendant's premises, to play upon the turn-table. *Held*: That there was no liability on the part of the railroad company, to answer for the plaintiff's injury.

"2.    The land owner is ordinarily under no obligations to a mere licensee or to a trespasser, to keep his premises in a safe condition; and the fact that the licensee or the trespasser is an infant of tender years affords no reason for modifying this rule, and charging the land owner with a duty which does not otherwise exist.

"3.    When an owner of land erects upon his premises for their more beneficial use, a structure which happens to be attractive to children, he does not, by such action, extend an invitation to children to enter thereon."

This doctrine a large number of the courts of last resort of the different states, as well as the Supreme Court of the United States, repudiate. The decisions are collated in American & English Encyclopedia of Law, Volume 29, page 33.

As deduced from these decisions, the rule as there laid down, is that the owner of dangerous machinery or appliances that are attractive to children of tender years can not permit such ma-

chinery or appliances to remain in a public place, where children are liable to be attracted thereby, get upon the same and be injured; or even upon his own premises, when the place is not public, if he has reason to anticipate that such children will get upon the same, without taking proper and reasonable precaution to so protect or fasten such machinery or appliance, that children will not be injured by the exercise of their youthful instinct to play upon the same.

The leading case sustaining this rule is *Railroad Company* v. *Stout*, 17 Wallace, 637, which is followed and emphasized in *Union Pacific Railroad Co.* v. *McDonaly*, 152 U. S., 262.

Our Supreme Court has not had before it a case directly involving the question, but there have been cases before it that involved the principle underlying the doctrine, and in those cases it has been more than intimated that the rule as ennunciated in *Railroad* v. *Stout* was the correct one.

In *Harriman* v. *The Railway Co.*, page 11, the first paragraph of the syllabus reads:

"Where a railroad company has, for a long time, permitted the public, including children, to travel and pass habitually over its road at a given point, without objection or hindrance, it should, in the operation of its trains and management of its road, so long as it acquiesces in such use, be held to anticipate the continuance thereof, and is bound to exercise care, having due regard to such probable use, and proportioned to the probable danger to persons so using its road."

In that case our Supreme Court expressly approves the leading case of *Lynch* v. *Murden*, 1 Adolphus & Ellis (New Series), 2, upon which case was largely founded the decision in *Railroad Company* v. *Stout*.

In the case of *Railroad Company* v. *Snyder*, 19 O. S., 399, it was held:

"The negligence of parent, or custodian of a child, can not be imputed to the child, to bar its right of action against others for injuries resulting from their wrongful acts.

"It is the duty of persons in charge of cars, passing along streets or other frequented places, to exercise great caution; and if, by failure to do so, a child of tender years is injured,

64  CIRCUIT COURT REPORTS—NEW SERIES.

W. & L. E. Railroad Co. v. Harvey.  [Vol. VII, N. S.

the company is liable in an action by the child, notwithstanding the negligence of the parent in permitting it to be on the track, or of the person in charge of the child, in not keeping a proper lookout for the cars.''

In the opinion, after quoting *Lynch* v. *Murden,* and a number of other cases, it is said on page 415:

''The injury here was within the ordinary and probable sequence of events, a result of the defendant's negligence. It might reasonably have been anticipated. There was danger of its happening, such as an ordinarily careful and prudent person might have apprehended, and would be likely to apprehend, as a possible result of any relaxation of vigilance and care.''

On principle this seems to us should be the proper doctrine. It can not be said that where a railroad company permits its right of way to be unfenced, and constantly used as a highway, and constructs in such place an appliance, such as a turn-table, that is especially attractive to children, and which necessarily would lead them in the enjoyment of their natural instincts to play upon it, that it owes no duty to such children, and especially so when it is shown that the company knew of such use of the appliance.

In *Loomis* v. *Terry,* 17 Wend., 497, which is spoken of approvingly in *Walsh* v. *Railroad Co.,* 145 N. Y., 301, Justice Cowen said:

''The business of life must go forward, and the fruits of industry must be protected; a man's gravel pit is fallen into by trespassing cattle; his corn eaten, or his sap drunk, whereby the cattle are killed; his unruly bull gores the intruder, or his trusty watch dog properly and honestly kept for protection, wories the unreasonable trespasser; such consequences can not be absolutely avoided.''

True, but at the same time, the owner must take care that he offers no inducements or implied invitation to visit ''the unruly bull'', or ''trusty watch dog'', for if he does, he transforms that which would be a mere trespass or license into a legal right.

Whether the fastening upon the turn-table was a sufficient one, in the exercise of ordinary care, by the company, was a

question of fact to be submitted to the jury. Indeed, the whole question was one for the jury, except the law required the direction of a verdict for the defendant, under the rule that the company owed the child no duty, which we have seen is not the correct rule in this state.

The trial judge submitted the case fairly and intelligently to the jury, and the verdict was against it.

In *Railroad Co.* v. *Stout,* the third clause of the syllabus reads:

"Though it is true in many cases, that where the facts of a case are undisputed, the effect of them is for the judgment of the court, and not for the decision of the jury. This is true, in that class of cases where the existence of such facts come in question, rather than where deductions or influences are to be made from them. And whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case is properly left to the jury."

This is also the rule in this state.

We find no error in the record, and the judgment will be affirmed.

*A. S. Cole* and *Squire, Sanders & Dempsey,* for plaintiff in error.

*W. J. Beckley,* for defendant in error.