WHEELING & L. E. RY. v. CARL HARVEY.

RAILROAD REQUIRED TO GUARD OR FASTEN TURNTABLE, WHEN.

> Where a railroad company maintains a turntable upon its right of way, close to a traveled path along its track, which people, old and young, have been accustomed to use, without objection for many years, as a traveled way, and further permits children to play upon such turntable, without objection:  *Held,* that it is its duty to guard such turntable, or so securely fasten it that children of tender years will not be injured while playing upon it.

ERROR to Portage common pleas court.

**A. S. Cole** and **Squires, Sanders & Dempsey,** for plaintiff in error:

The so-called "Turntable Doctrine" has never been adopted in Ohio. Reference to the Turntable cases in *Harriman* v. *Railway,* 45 Ohio St. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507], is mere dictum. See the explanation of *Harriman* v. *Railway* in the following cases:  *Cin. H. & D. Ry.* v. *Aller,* 64 Ohio St. 183 [60 N. E. Rep. 205]; *Balt. & O. S. W. Ry.* v. *Cox,* 66 Ohio St. 276 [64 N. E. Rep. 1119; 90 Am. St. Rep. 583]; *Cleveland, A. & C. Ry.* v. *Workman,* 66 Ohio St. 509 [64 N. E. Rep. 582; 90 Am. St. Rep. 602].

Recent decisions of the Supreme Court are inconsistent with the turntable doctrine, which was applicable to these cases if in force in Ohio.  *Ann Arbor Ry.* v. *Kinz,* 68 Ohio St. 210 [67 N. E. Rep. 479]; *Lake Shore & M. S. Ry.* v. *Lüdtke,* 69 Ohio St. 384 [69 N. E. Rep. 653].

Unless a different rule is to be applied in Ohio toward children than toward adults, the following cases prevent recovery in the present: *Pitts. Ft. W. & C. Ry.* v. *Bingham,* 29 Ohio St. 364 [23 Am. Rep. 751]; *Cin. H. & D. Ry.* v. *Aller,* 64 Ohio St. 183   [60 N. E. Rep. 205].

Railway v. Harvey.

The original turntable case, *Sioux City & Pac. Ry.* v. *Stout,* 84 U. S. (17 Wall.) 657 [21 L. Ed. 745], assumes the question at issue, and is an extension of cases since overruled.

The weight of authority is opposed to the turntable doctrine: *Frost* v. *Railway,* 64 N. H. 220 [9 Atl. Rep. 790; 10 Am. St. Rep. 396]; *Daniels* v. *Railway,* 154 Mass. 349 [28 N. E. Rep. 283; 13 L. R A. 248; 26 Am. St. Rep. 253]; *Holbrook* v. *Aldrich,* 168 Mass. 15 [46 N. E. Rep. 115: 36 L. R. A. 493; 60 Am. St. Rep. 364]; *McAlpin* v. *Powell,* 70 N. Y. 126 [26 Am. Rep. 555]; *Walsh* v. *Railway,* 145 N. Y. 301 [39 N. E. Rep. 1068; 27 L. R. A. 724; 45 Am. St. Rep. 615]; *Gillespie* v. *McGowan,* 100 Pa. St. 444; *Rodgers* v. *Lees,* 140 Pa. St. 475 [21 Atl. Rep. 399; 12 L. R. A. 216; 23 Am. St. Rep. 250]; *Paolino* v. *McKendall,* 24 R. I. 432 [53 Atl. Rep. 268; 96 Am. St. Rep. 736]; *Turess* v. *Railway,* 61 N. J. Law 314 [40 Atl. Rep. 614]; *Delaware, L. & W. Ry.* v. *Reich,* 61 N. J. Law 635 [40 Atl. Rep. 682; 41 L. R. A. 831; 68 Am. St. Rep. 727]; *Ritz* v. *Wheeling,* 45 W. Va. 262 [31 S. E. Rep. 993; 43 L. R. A. 148]; *Uthermohlen* v. *Run Co.* 50 W. Va. 457 [40 S. E. Rep. 410; 55 L. R. A. 911; 88 Am. St. Rep. 884]; *O'Connor* v. *Railway,* 44 La. Ann. 339 [10 So. Rep. 678]; *Catlett* v. *Railway,* 57 Ark. 461 [21 S. W. Rep. 1062; 38 Am. St. Rep. 254]; *Indianapolis* v. *Emmelman,* 108 Ind. 530 [9 N. E. Rep. 155; 58 Am. Rep. 65]; *Patterson* v. *Borough of Woohkahra,* 16 New So. W. 229.

In the following states the turntable doctrine has been in force but is now repudiated. See *Ryan* v. *Towar,* 128 Mich. 463 [87 N. W. Rep. 644; 55 L. R. A. 310; 92 Am. St. Rep. 481]; *Savannah, F. & W. Ry.* v. *Beavers,* 113 Ga. 398 [39 S. E. Rep. 82; 54 L. R. A. 314]; *Nolan* v. *Railway,* 53 Conn. 461 [4 Atl. Rep. 106]; *Dobbins* v. *Railway,* 91 Tex. 60 [41 S. W. Rep. 62; 38 L. R. A. 573; 66 Am. St. Rep. 856].

Those states applying the turntable doctrine do not carry it as far as the present case, as the turntable here was fastened, and the requests to charge based upon the following cases should have been given: *St. Louis, V. & T. H. Ry.* v. *Bell,* 81 Ill. 76 [25 Am. Rep. 269]; *Kolsti* v. *Railway,* 32 Minn. 133 [19 N. W. Rep. 655]; *Bates* v. *Railway,* 90 Tenn. 36 [15 S. W. Rep. 1069; 25 Am. St. Rep. 665].

The plaintiff was not attracted on to the premises of the railroad company by the turntable, and the turntable doctrine does not apply: *Jefferson* v. *Railway,* 116 Ala. 294 [22 So. Rep. 546; 38 L. R. A. 458; 67 Am. St. Rep. 116]; 3 Elliott, Railroads Sec. 1259.

Portage County.

W. J. Beckley, for defendant in error:

Liability in turntable cases. *Sioux City & Pac. Ry.* v. *Stout*, 84 U. S. (17 Wall) 657 [21 L. Ed. 745]; followed and approved in *Union Pac. Ry.* v. *McDonald*, 152 U. S. 262 [14 Sup. Ct. Rep. 619; 38 L. Ed. 434]; *Alabama, G. S. Ry.* v. *Crocker*, 131 Ala. 584 [31 So. Rep. 561]; *Chicago, B. & Q. Ry.* v. *Krayenbuhl*, 65 Neb. 889 [91 N. W. Rep. 880]; *Edgington* v. *Railway*, 116 Iowa 410 [90 N. W. Rep. 95; 57 L. R. A. 561]; *Harriman* v. *Railway*, 45 O. S. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507]; *Railway* v. *Shields*, 47 O. S. 387 [24 N. E. Rep. 658; 21 Am. St. Rep. 840; 8 L. R. A. 464]; *Ann Arbor Ry.* v. *Kinz*, 68 O. S. 210 [67 N. E. Rep. 479]; *Lake Shore & M. S. Ry.* v. *Duer*, 11 C. D. 761 (21 R. 512); *Barrett* v. *Pacific Co.* 91 Cal. 296 [27 Pac. Rep. 666; 25 Am. St. Rep. 186]; *Callahan* v. *Railway*, 92 Cal. 89 [28 Pac. Rep. 104]; *Keffe* v. *Railway*, 21 Minn. 207 [18 Am. Rep. 393]; *Kansas Cent. Ry.* v. *Fitzsimmons*, 22 Kan. 686 [31 Am. Rep. 203]; *East Tennessee & W. N. C. Ry.* v. *Cargille*, 9 Am. Neg. Rep. 200; *Koons* v. *Railway*, 65 Mo. 592; *Nagel* v. *Railway* 75 Mo. 653 [42 Am. Rep. 418]; *Ilwaco Ry. & Nav. Co.* v. *Hedrick*, 1 Wash. 446 [25 Pac. Rep. 335; 22 Am. St. Rep. 169]; *Pekin (City)* v. *McMahon*, 154 Ill. 141 [39 N. E. Rep. 484; 27 L. R. A. 206; 45 Am. St. Rep. 114]; *Ferguson* v. *Railway*, 75 Ga. 637; *Ferguson* v. *Railway*, 77 Ga. 102; 42 Cent. L. J. 457.

COOK, J.

Carl Harvey, a boy of six years of age, was injured by having his left leg crushed, necessitating its amputation close to the thigh joint, on July 2, 1904, while he was riding upon the turntable of the Wheeling & Lake Erie Railroad Company, situated upon its premises in the village of Kent, this county. There is very little dispute, if any, about the facts, and the question presented is: Was the jury justified in inferring negligence, under the law, from the facts in the case?

The evidence shows that the turntable was situated close to the main track on the right of way of the company, in the village of Kent. It is true, not in its most populous section, but in a place where there were a number of dwellings, upon two streets close to the turntable. The tracks of the company ran north and south at the place of the injury, and numerous persons, adults and children, without objection from the company, were accustomed for a number of years, to use a side path along the main track, in going to and fro between these two streets, as well as from other parts of the village. The evidence further shows that children, for some time, at least for four or five years, had

Railway v. Harvey.

been accustomed to play upon the turntable, with the knowledge of the subordinate employes of the company. When they were turning the turntable, these employes would object, and drive them away; when running over it, playing upon it only, they would not disturb them. The turntable was not locked, or otherwise securely fastened.

It had a piece of iron known as a brake shoe, four inches wide, by sixteen inches long, fitted down into a groove, one end placed upon the end of the turntable, and the other upon a tie at the end of the switch intersecting the turntable. This piece of iron weighed from ten to fifteen pounds, and could be easily removed by anyone that could lift it. Sometimes this brake shoe was in place, but frequently not in place —the turntable swinging in the wind, or by its own motion.

The day the boy was injured, he, with two other boys of larger size, went down the track, along the path, for the purpose of getting a small piece of iron; in coming back, and passing the turntable for the second time, one of the boys suggested that they have a ride on the turntable, which was unfastened by one of the larger boys lifting out the brake shoe. The plaintiff got upon the turntable, and the two larger boys pushed the turntable around to give him a ride, when his leg got between the end of the turntable and the abutment of the switch, and he was injured as stated.

Under these facts, is the company liable? No amount of discussion would help to elucidate or settle the question, as it has been gone over in nearly every state of the Union, and the holdings are directly contrary to each other.

Two principles are set forth and maintained in these directly opposite decisions. The first is, that an owner of land may use it in such manner as he sees fit, and if a trespasser or mere licensee, although a child of immature years, is injured, he cannot complain, for the reason that, if the owner had used it more carefully, no injury would have resulted; and that in the case of turntables, erected and maintained upon the company's land, although in a public place, or in a place where children are in a habit of congregating to play upon the turntable, is not an invitation or inducement held out to the child to come upon the premises of the company.

This rule has the support of many eminent courts and jurists in a large number of states: *Haunsell* v. *Smith,* 7 Com. B. (N. S.) 731; *Clark* v. *Manchester,* 62 N. H. 577; *Klix* v. *Nieman,* 68 Wis. 271 [32 N. W. Rep. 223; 60 Am. Rep. 854]; *Gramlich* v. *Wurst,* 86 Pa. St. 74 [27 Am. Rep. 684]; *Cauley* v. *Railway,* 95 Pa. St. 398 [40 Am. Rep. 664]; *Gillespie* v. *McGowen,* 100 Pa. St. 144 [45 Am. Rep. 365]; *Har-*

Portage County.

*grave* v. *Deacon*, 25 Mich. 1; *Sweeny* v. *Railway*, 92 Mass. (10 Allen) 368 [87 Am. Dec. 644]; *Metcalf* v. *Steamship Co.* 147 Mass. 66 [12 N. E. Rep. 701]; *Barstow* v. *Railway*, 143 Mass. 535 [10 N. E. 255]; *Daniels* v. *Railway*, 154 Mass. 349 [28 N. E. Rep. 283; 13 L. R. A. 248; 26 Am. St. Rep. 253]; *Frost* v. *Railway*, 64 N. H. 220 [9 Atl. Rep. 790; 10 Am. St. Rep. 396]; *Walsh* v. *Railway*, 145 N. Y. 301 [39 N. E. Rep. 1068; 27 L. R. A. 724; 45 Am. St. Rep. 615]; *Delaware, L. & W. Ry.* v. *Reich*, 61 N. J. Law 635 [40 Atl. Rep. 682; 41 L. R. A. 831; 68 Am. St. Rep. 727].

The last case referred to, places the rule in its strongest light. The syllabus being as follows:

"1. The plaintiff, a young child, was injured, while upon a turntable of the defendant company. The turntable was located upon the private property of the defendant, near to a public street, and was entirely unprotected and unguarded. Children of all ages frequently congregated upon the defendant's premises, to play upon the turntable. Held: That there was no liability on the part of the railroad company, to answer for the plaintiff's injury.

"2. A landowner is ordinarily under no obligations to a mere licensee or to a trespasser, to keep his premises in a safe condition; and the fact that the licensee or the trespasser is an infant of tender years, affords no reason for modifying this rule, and charging the landowner with a duty which does not otherwise exist.

"3. When an owner of land erects upon his premises for their more beneficial use, a structure which happens to be attractive for children, he does not, by such action, extend an invitation to children to enter thereon."

This doctrine, a large number of the courts of last resort of the different states, as well as the Supreme Court of the United States, repudiate.

These decisions are collated in 29 Am. & Eng. Enc. Law (2 ed.) 33.

As deduced from these decisions, the rule as there laid down, is, that the owner of dangerous machinery or appliances, that are attractive to children of tender years, cannot permit such machinery or appliance to remain in a public place, where children are liable to be attracted thereby, get upon the same, and be injured; or even upon his own premises, when the place is not public, if he has reason to anticipate that such children will get upon the same, without taking proper and reasonable precaution so to protect or fasten such machinery or appliances, that children will not be injured by the exercise of their youthful instinct to play upon the same.

Railway v. Harvey.

The leading case sustaining this rule, is *Sioux City & Pac. Ry.* v. *Stout*, 84 U. S. (17 Wall.) 657 [21 L. Ed. 745], which is followed and emphasized in *Union Pacific Ry.* v. *McDonald*, 152 U. S. 262 [14 Sup. Ct. Rep. 619; 38 L. Ed. 434].

Our Supreme Court has not had before it, a case directly involving the question, but there have been cases before it, that involved the principle underlying the doctrine, and in these cases it has been more than intimated that the rule as enunciated in *Sioux City & Pac. Ry.* v. *Stout, supra,* was the correct one.

In *Harriman* v. *Railway,* 45 Ohio St. 11 [12 N. E. Rep. 451; 4 Am. St. Rep. 507], the first paragraph of the syllabus reads:

"Where a railroad company, has for a long time permitted the public, including children, to travel and pass habitually over its road at a given point, without objection or hindrance, it should, in the operation of its trains and management of its road, so long as it acquiesces in such use, be held to anticipate the continuance thereof, and is bound to exercise care, having due regard to such probable use, and proportioned to the probable danger to persons so using its road."

In that case our Supreme Court expressly approves the leading case of *Lynch* v. *Nurdin,* 1 Ad. & Ell. (N. S.) 29, upon which case was largely founded the decision in *Sioux City & Pac. Ry.* v. *Stout.*

In the case of *Bellefontaine & I. Ry.* v. *Snyder,* 18 Ohio St. 399 [98 Am. Dec. 175], it was held:

"The negligence of a parent or custodian of a child cannot be imputed to the child, to bar its right of action against others for injuries resulting from their wrongful acts.

"It is the duty of persons in charge of cars passing along streets or other frequented places to exercise great caution; and if, by failure to do so, a child of tender years is injured, the company is liable in an action by the child, notwithstanding the negligence of the parent in permitting it to be on the track, or of the person in charge of the child in not keeping a proper lookout for the cars."

In the opinion, after quoting *Lynch* v. *Nurdin, supra,* and a number of other cases, it is said on page 415:

"The injury here was within the ordinary and probable sequence of events, a result of the defendant's negligence. It might reasonably have been anticipated. There was danger of its happening, such as an ordinarily careful and prudent person might have apprehended, and would be likely to apprehend, as a possible result of any relaxation of vigilance and care."

On principle, this seems to us to be the proper doctrine. It can-

not be said that where a railroad company permits its right of way to be unfenced, and constantly used as a highway, and constructs in such place, an appliance, such as a turntable, that is especially attractive to children, and which necessarily would lead them in the enjoyment of their natural instincts to play upon it, that it owes no duty to such children, and especially so when it is shown that the company knew of such use of the appliance.

In *Loomis* v. *Terry*, 17 Wend. 496, 497 [31 Am. Dec. 306], which is spoken of approvingly in *Walsh* v. *Railway*, *supra*, Justice Cowen said, page 500:

"The business of life must go forward, and the fruits of industry must be protected. A man's gravel pit is fallen into by trespassing cattle, his corn eaten, or his sap drunk, whereby the cattle are killed; his unruly bull gores the intruder, or his trusty watch dog, properly and honestly kept for protection, worries the unreasonable trespasser. Such consequences cannot be absolutely avoided."

True, but at the same time, the owner must take care that he offers no inducements or implied invitation to visit the "unruly bull," or "trusty watch dog," for if he does, he transforms that which would be a mere trespass or license, into a legal right.

Whether the fastening upon the turntable was a sufficient one, in the exercise of ordinary care, by the company, was a question of fact to be submitted to the jury. Indeed, the whole question was one for the jury, except the law required the direction of a verdict for the defendant, under the rule that the company owed the child no duty, which we have seen is not the correct rule in this state.

The trial judge submitted the case fairly and intelligently to the jury, and the verdict was against it.

In *Sioux City & Pac. Ry.* v. *Stout*, *supra*, the third clause of the syllabus reads:

"Though it is true in many cases, that where the facts of a case are undisputed, the effect of them is for the judgment of the court, and not for the decision of the jury. This is true, in that class of cases where the existence of such facts come in question, rather than where deductions or inferences are to be made from them. And whether the facts be disputed or undisputed, if different minds may honestly draw different conclusions from them, the case is properly left to the jury."

This is also the rule in this state.

We find no error in the record, and the judgment will be affirmed.

**Burrows** and **Laubie, JJ.,** concur.