## ZANONE v. OCEANIC STEAM NAVIGATION CO.

(Circuit Court of Appeals, Second Circuit. March 7, 1910.)

No. 183.

1. SHIPPING (§ 80*)—INJURIES TO LICENSEES—DEATH.

Decedent, who had previously been employed as a tally clerk by defendant steamship company, went to defendant's pier where tally clerks were hired, but without employment, and without authority, went on board defendant's steamship on which dangerous preparations for the discharge of cargo were in progress, and, while there, was struck and killed by a bridge which had been lifted out of the way of a hatch, caused by the breaking of a new rope selected by defendant's servants from among an ample supply furnished by defendant in all sizes. Held, that decedent was at most a licensee on the ship, as to whom defendant owed no duty except not to injure him willfully, which duty it did not violate.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 352; Dec. Dig. § 80.*]

2. TRIAL (§ 69*)—FURTHER TESTIMONY—DISCRETION.

After a motion to dismiss had been argued, and the court was about to direct a verdict for defendant, the court had discretion to refuse to open the case on plaintiff's motion for further testimony, and it properly refused to do so in the exercise of such discretion, where the evidence sought to be introduced had no legitimate bearing on the issue, and was insufficient to establish defendant's liability.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 164–165; Dec. Dig. § 69.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by Paul Zanone, as administrator of the estate of Frank S. Zanone, deceased, against the Oceanic Steam Navigation Company. A verdict was directed for defendant, and plaintiff brings error. Affirmed.

Williamson & Smith (J. Boyce Smith, Jr., of counsel), for plaintiff in error.

Robinson, Biddle & Benedict (Morton L. Fearey, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. On Friday, November 29, 1907, the plaintiff's intestate, Frank S. Zanone, was killed on the defendant's steamship Adriatic which was lying at Pier 48, North River, New York. The Adriatic had arrived that morning from Europe and was preparing to discharge her cargo. Zanone had on previous occasions been employed as tally clerk by the defendant but he was not so em-

ployed on November 29th, although he had undoubtedly gone to the pier seeking and expecting employment. The plaintiff endeavored to establish the proposition that Zanone was legally and properly on the pier. It will simplify the discussion if this contention be conceded. The vital question is was he rightfully on the ship, for he was killed, not on the pier, but on the ship. The crew were engaged in lifting a bridge in order to facilitate unloading No. 5 hatch when a drag rope broke, permitting the bridge to swing over to where Zanone was climbing over the rail preparatory to descending a ladder, and strike him with such force as caused his death. How he got on the ship does not appear; that he had no business there is manifest. He had not been employed and could not have been seeking employment because the office where tally clerks are hired was not on the ship but on the pier. Nothing but idle curiosity could have brought him to this part of the ship where hazardous operations were being carried on preparatory to unloading. There was no invitation, expressed or implied, to justify his appearance at this place of danger and he therefore assumed all the risks incident to the business which was being there carried on. His presence there was gratuitous, unexpected and could not have been foreseen without extraordinary precautions which the defendant was under no obligation to take. The defendant owed Zanone no duty except not to injure him knowingly. The rope which broke was a new one about five-eighths of an inch in diameter. If insufficient to do the work the selecting of it was the fault merely of one of the defendant's servants. In no sense was it a fault which can be imputed to the defendant in an action by one who at best was a mere licensee. The defendant had an ample supply of rope of all sizes both on the ship and on the pier and a larger and heavier one would have been selected had there been any reason to expect that the one used was defective or inadequate. In short, the deplorable accident was one which could not have happened but for Zanone's action in going on the defendant's ship where he had no legitimate business, where operations of a dangerous character were in progress and where his presence was not known and could not have been foreseen. It is unnecessary to hold that he was a trespasser, but he was on the ship without right and the defendant was under no obligation except not to injure him willfully. The foregoing propositions are amply sustained by the following authorities: Larmore v. Crown Point Iron Co., 101 N. Y. 391, 4 N. E. 752, 54 Am. Rep. 718; Metcalfe v. Cunard S. S. Co., 147 Mass. 66, 16 N. E. 701; Singleton v. Felton, 101 Fed. 526, 42 C. C. A. 57.

After the plaintiff had rested and the motion to dismiss was being argued and the court was about to direct a verdict for the defendant, the plaintiff's counsel asked that the case be reopened to enable him to introduce further testimony. First, he asked to be permitted to introduce the lease of the pier in question and, second, to call a witness who had been employed as a tally clerk and who had on previous occasions gone upon the defendant's vessels while not actually engaged in discharging the duties of his vocation. The court declined to grant the motion and the plaintiff reserved an exception. A complete answer to the plaintiff's contention is that the granting of the motion was

discretionary and no error can be assigned based on the refusal to open the case.   Nevertheless, we should hesitate to place our ruling on this ground if we were satisfied that the proposed testimony tended to establish the defendant's liability.   As we have seen, it was wholly immaterial whether Zanone was lawfully or unlawfully on the pier as the accident did not occur there.   The testimony of the tally clerk if it had been received, could not have changed the status of the parties. It was wholly insufficient to establish a custom and had no legitimate bearing upon any issue involved.

The judgment is affirmed.