## GEORGE MISTLER *vs.* THOMAS O'GRADY.

Suffolk. March 4, 1881. — Jan. 5, 1882. ENDICOTT, DEVENS & ALLEN, JJ., absent.

Upon a lot of land there were two dwelling-houses, one fronting on the street, the entrance thereto being from the street, and the other being at the rear of the lot, fronting upon a yard and a passageway which ran from the street in a straight line to the rear house. Both of the houses were occupied by tenants, the tenant of the rear house being a shoemaker, who had placed on the side of the front house, with the consent of the tenant, but without the knowledge or consent of the owner of the land, a sign bearing his name and the words "Boot and Shoemaker in the rear." At the rear of the front house there was a storm-door projecting two feet into the yard, which was used only for the purpose of access to and from the cellar of the house. The owner of the land made an excavation in the yard about a foot from the storm-door, and seventeen feet from the passageway, in order to drain the cellar; and the same was left without light or guard at night. A person, who entered upon the premises in the evening for the purpose of transacting business with the tenant of the rear house, supposing that the storm-door was the entrance to the house indicated by the tenant's sign, left the passageway, and, in crossing the yard towards the storm-door, fell into the excavation and was injured. *Held*, that he could not maintain an action against the owner of the land for such injury.

TORT for personal injuries occasioned to the plaintiff, by falling into an excavation on the defendant's land. Answer, a general denial. Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions, in substance as follows:

It was admitted that the defendant was the owner of a lot of land on Conant Street, in Boston, upon which there are two dwelling-houses. one fronting and nearly on the line of the street, the entrance thereto being from the street, and the other at the rear of the lot, fronting upon the yard and passageway hereinafter mentioned, and distant about forty feet from the front house.

On one side of the lot was a passageway nine feet in width, running from the street in a straight line to the rear house, the entrance to which house was at the end of the passageway; and also abutting on the passageway was the front house, and an open, unfenced yard, about forty feet in depth, used in common between the two houses.

It was in evidence, on the part of the plaintiff, that the rear house was occupied by one Lutz, a shoemaker, who had a sign upon the side of the front house at the corner of the street and

passageway, about two feet long and a foot and a half wide, and having upon it the words " J. Lutz, Boot and Shoemaker in the rear ; " which sign had been there for about a year, having been placed there by the consent of one Etter, then and since the sole occupant of the front house, who testified that the sign was so placed without the knowledge or consent of the defendant. It appeared from the evidence of the plaintiff that he, having never been upon the premises before, and knowing nothing of their arrangement, went, on the evening of February 16, 1880, between seven and eight o'clock, to have his boots repaired by Lutz, as he had arranged to do a few days previously; that, from Lutz's sign, he understood his place to be in the rear part of the front house, and after entering upon the passageway from the street, which was unlighted, (although the plaintiff testified that there was sufficient light for him to read the sign,) and proceeding along the same as far as the rear corner of the front house, he turned from the passageway and entered the yard, going towards what seemed to be the back door of the front house, intending to enter this, which was a storm-door or bulkhead projecting into the yard about two feet, and covering steps leading into the cellar of the front house, and distant about eighteen feet from the passageway ; and, while so proceeding, he fell into the ditch hereinafter mentioned, and received the injuries complained of.

It was in evidence that the servants of the defendant, under his direction, had on the same day dug a ditch from the cellar of the front house, and curving about the storm-door and about a foot distant therefrom, and seventeen feet from the passageway, for the purpose of draining the cellar of the front house, the ditch being about a foot wide and two feet deep, surrounding which ditch on the outside was a pile of earth and stones about two feet high ; and the ditch was left without light or guard. It was also in evidence that Etter occupied the front house as tenant at will of the defendant; that there was no agreement between them as to who should make repairs; that there was no entrance to the front house from the rear, except through the storm-door, which opened into the cellar; that the same was never used for visitors, and only used for the purpose of access to and from the cellar; and that there was no passageway to the storm-door, but that the yard was open.

The defendant asked the judge to rule that, upon the evidence, the action could not be maintained. The judge so ruled, and directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Willard*, for the plaintiff.

*J. W. O'Brien*, for the defendant.

FIELD, J. If the sign, " J. Lutz, Boot and Shoemaker in the rear," be regarded as an invitation to enter the rear of the house on the front of the lot, there was no evidence that would warrant the jury in finding that this invitation was given by the defendant. The testimony was that the sign had been put up by the consent of Etter, the occupant of the front house, without the knowledge of the defendant.

There was no evidence that the passageway to the house in the rear occupied by Lutz was not properly laid out, and in a safe condition, and the ditch distant seventeen feet therefrom did not render the passageway itself dangerous. The defendant had no reason to suppose that any customer or visitor of Lutz would attempt to enter the rear of the front house, and the plaintiff was not misled by any act or word of the defendant. *Howland* v. *Vincent*, 10 Met. 371. *Mellen* v. *Morrill*, 126 Mass. 545. *Hounsell* v. *Smyth*, 7 C. B. (N. S.) 731.

*Exceptions overruled.*