## MARY A. REARDON *vs.* ANNIE T. THOMPSON.

Suffolk.   March 19, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Personal Injuries — Licensee on Land — Dangerous Hole.*

An open hole in the earth, which is not concealed otherwise than by the darkness of the night, is a danger which a mere licensee going upon the land must avoid at his peril.

HOLMES, J.   This is an action for personal injuries caused by the plaintiff's falling into a hole which was dug, we will assume, by the defendant, and which was nine inches in the defendant's land and extended nine inches into the land of a neighbor, Mrs. Appleton, by her license.   The land in question was a strip eight feet wide, running back from Pope Street, in East Boston, between the defendant's house and Mrs. Appleton's.   Of this eight feet, nine inches only belonged to the defendant, and seven feet three inches to Mrs. Appleton.   The plaintiff was going to another house of the defendant on the rear end of her lot, to which the proper entrance was from the rear.   So far as appears, she was on Mrs. Appleton's land at the time of the accident.

The argument for the plaintiff is based on the assumption that she was invited to pass over the eight-foot strip.   But there is no evidence that she was invited there either by the defendant or by Mrs. Appleton.   The failure, if there was any, to prohibit the use of the strip was not an invitation to use it.   *Galligan* v. *Metacomet Manuf. Co.* 143 Mass. 527.   Neither were the facts that the houses were near together, and that the only approach to the rear house, directly from Pope Street, was over the strip.   The defendant's lawful obstruction of her own land was not an invitation to go upon Mrs. Appleton's, and Mrs. Appleton's partial obstruction of her land was not an invitation to persons visiting the defendant's tenants to go upon the unobstructed part.   We must assume that there was a lawful passage from the rear house to some street.   The defendant was under no obligation to furnish short cuts from every street in the

neighborhood.   This is not a case like *Toomey* v. *Sanborn*, 146 Mass. 28, where a third person was held liable for opening a hole in what was conceded to be a private way.

The fair conclusion from the plaintiff's evidence is that she was a trespasser.   But if we assume that the jury might have found that there had been such use of the strip and such acquiescence on the part of the owners as to imply a license, still the plaintiff cannot recover.   No doubt a bare licensee has some rights.   The landowner cannot shoot him.   It has been held that an owner would be liable for negligently bringing force to bear upon the licensee's person, as by running him down without proper warning.   *Byrne* v. *New York Central & Hudson River Railroad*, 104 N. Y. 362.   *Taylor* v. *Delaware & Hudson Canal Co.* 113 Penn. St. 162, 175.   Compare *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66.   *Batchelor* v. *Fortescue*, 11 Q. B. D. 474.   It is not necessary to say that no species of pitfall or trap could be conceived for which a landowner would be answerable.   *Bolch* v. *Smith*, 7 H. & N. 736, 747.

But the general rule is, that a licensee goes upon land at his own risk, and must take the premises as he finds them. ﹅ An open hole, which is not concealed otherwise than by the darkness of night, is a danger which a licensee must avoid at his peril.   *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, 372.   *Zoebisch* v. *Tarbell*, 10 Allen, 385.   *Heinlein* v. *Boston & Providence Railroad*, 147 Mass. 136.   *Files* v. *Boston & Albany Railroad*, ante, 204.   *Hounsell* v. *Smyth*, 7 C. B. (N. S.) 731.   *Sullivan* v. *Waters*, 14 Ir. C. L. 460.   *Parker* v. *Portland Publishing Co.* 69 Maine, 173.   *Byrne* v. *New York Central & Hudson River Railroad*, 104 N. Y. 362, and cases cited.

*Exceptions overruled.*

*W. N. Osgood*, for the plaintiff.

*J. A. Maxwell*, for the defendant.