SAMUEL WALKER *vs.* JAMES H. WINSTANLEY.

Bristol.  November 30, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Licensee on Land — Dangerous Cellar Stairs.*

A person entered upon certain premises in the dark by an invitation only implied by the situation and appearance of the premises, and went along the side of the house thereon, and fell down the cellar stairs and was injured, there being nothing to show that the line he selected was appropriated to travel any more than the rest of the yard or open space between that and the next house, to which he was going. *Held,* that he could not maintain an action against the owner of the land for such injury.

TORT, for personal injuries occasioned to the plaintiff by falling into an open cellar-way on the premises of the defendant.

At the trial in the Superior Court, before *Hammond,* J., the plaintiff testified that he went on the defendant's premises, which were open to the street, on the night of August 15, 1890, at about half-past eight o'clock, to take orders for kindling-wood; that it was very dark at the time; that he had been on the premises twice before after dark and delivered wood there, but had never delivered any in the cellar; that he entered the defendant's premises from South Main Street, going between the two houses that front upon that street; that he first went to a tenement in the south house, and then crossed diagonally to the north house and went into a tenement therein; that he stopped there two or three minutes, and left there intending to go to the tenements on the west end of the same house for orders for wood; that he came down the stairs leading from the east end to the ground, and started to cross to the stairs at the west end

of the same house, going straight ahead, when he fell into the entrance to the cellar-way and was injured ; and that he did not know that there was any cellar entrance there, and never had had his attention called to any.

There was evidence tending to prove that the distance from the lowest step of the stairs at the east end to the cellar entrance was nine feet; that the cellar entrance extended out from the house about six feet; that it was about four feet wide inside the side walls, which were about fifteen inches above the ground, and was about six feet deep; and that there were six steps each about ten inches high, and the distance between the lowest steps on the east and west stairs was about thirty-one feet.   The east stairs extended out from the building about three and one half feet, and were built along the side of the house running parallel to it; the west stairs extended out about five feet, and were built at right angles to the side of the house.   The premises at the time of the accident were in the same condition that they were when the defendant inherited them from his mother, in the previous February.

There was no evidence of any travelled path or walk on the premises, and the space between the east and west stairs was open and unbroken excepting for the cellar entrance.

. The defendant testified that he was the owner of the premises, but did not reside thereon ; that he made the repairs and collected the rents ; and that the tenants paid their rents weekly, and were tenants at will.

The judge directed a verdict for the defendant, and reported the case for the determination of this court.   If the plaintiff could maintain his action, the verdict was to be set aside; otherwise, judgment was to be entered for the defendant.

*J. W. Cummings*, for the plaintiff.

*M. B. G. Swift*, for the defendant.

HOLMES, J.   We assume in favor of the plaintiff that he was within the scope of any invitation to the public having lawful business at the defendant's house, which fairly was implied by the aspect of the house and grounds.   We assume also that the defendant had control of the premises.   But an invitation only implied by the situation and look of the premises must be confined within somewhat definite limits.   When the plaintiff went

along the side of the defendant's house, and fell down the cellar stairs, nothing said to him that the line he selected was appropriated to travel any more than the rest of the yard or open space between that and the next house. On the contrary, there was the well known chance of a cellar door being near the house.

If, then, we assume that the plaintiff was warranted in being where he was, in so far that he was a licensee and not a trespasser, still we think it impossible to extend the principle of invitation so as to cover the whole yard, irrespective of pathways, necessary lines of travel, or anything on the surface which promised security. In *Learoyd* v. *Godfrey*, 138 Mass. 315, the plaintiff's intestate was hurt in a place pointed out as a passageway by the position of the buildings. The decision in *Curtis* v. *Kiley*, 153 Mass. 123, was made dependent upon the bill of exceptions being taken to mean that there was evidence of a passageway across the yard. The present case is more like *Reardon* v. *Thompson*, 149 Mass. 267. See also *Mistler* v. *O'Grady*, 132 Mass. 139.                        *Judgment for the defendant.*