### Eva V. Plummer *vs.* Charles H. Dill, 2d.

Suffolk. March 10, 1892. — May 20, 1892.

Present: Field, C. J., Holmes, Knowlton, Lathrop, & Barker, JJ.

*Personal Injuries — Owner of Building — Licensee.*

A woman who goes to a building for her own convenience, to inquire about a matter which concerns herself alone, and not to transact with any occupant of the building any kind of business in which he is engaged, or in the transaction of which the building is used or designed to be used, is a mere licensee, and cannot recover from the owner of the building for injuries received by striking her head upon a projecting sign placed on a post at the corner of the landing, even if it is assumed that it was the duty of the owner to keep the entrance, stairway, and halls of the building reasonably safe for persons using them on an invitation, express or implied, that he negligently permitted them to be unsafe, and that his negligence caused the injury to the plaintiff, and that she was in the exercise of due care.

Tort, for personal injuries occasioned to the plaintiff by striking her head upon a projecting sign placed against a post at the outside corner of the landing of the defendant's building.

Trial in the Superior Court, before *Blodgett,* J., who directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. W. Bartlett & E. R. Anderson,* for the plaintiff.

*J. D. Ball,* for the defendant.

Knowlton, J. If we assume that it was the duty of the defendant to keep the entrance, stairway, and halls of his building reasonably safe for persons using them on an invitation express or implied, and if we further assume that he negligently permitted them to be unsafe, and that his negligence caused the injury to the plaintiff, and that she was in the exercise of due care, — some of which propositions are at least questionable, — we come to the inquiry whether the plaintiff was a mere licensee in the building, or was there by the defendant's implied invitation.

She did not go there to transact with any occupant of the building any kind of business in which he was engaged, or in the transaction of which the building was used or designed to be used. She was in search of a servant; and for her own

convenience she went there to inquire about 'a matter which concerned herself alone.

It has often been held that the owner of land or a building, who has it in charge, is bound to be careful and diligent in keeping it safe for those who come there by his invitation, express or implied, but that he owes no such duty to those who come there for their own convenience, or as mere licensees. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368. *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66. *Gordon* v. *Cummings,* 152 Mass. 513. One who puts a building or a part of a building to use in a business, and fits it up so as to show the use to which it is adapted, impliedly invites all persons to come there whose coming is naturally incident to the prosecution of the business. If the place is open, and there is nothing to indicate that strangers are not wanted, he impliedly permits and licenses persons to come there for their own convenience, or to gratify their curiosity. The mere fact that premises are fitted conveniently for use by the owner or his tenants, and by those who come to transact such business as is carried on there, does not constitute an implied invitation to strangers to come and use the place for purposes of their own. To such persons it gives no more than an implied license to come for any proper purpose.

It is held in England that one who comes on an express invitation to enjoy hospitality as a guest must take the house as he finds it; and that his right to recover for an injury growing out of dangers on the premises is no greater than that of a mere licensee. *Southcote* v. *Stanley,* 1 H. & N. 247. The principle of the decision seems to be that a guest, who is receiving the gratuitous favors of another, has no such relation to him as to create a duty to make the place where hospitality is tendered safer or better than it is. It is well settled there that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject to which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant. Pollock on Torts, 417. *Holmes* v. *North Eastern Railway,* L. R. 4 Ex.

254; *S. C.* L. R. 6 Ex. 123.   *White* v. *France*, 2 C. P. D. 308. *Burchell* v. *Hickisson*, 50 L. J. Q. B. 101.

The rule in regard to an implied invitation to places of business is held with equal strictness in New York.  In *Larmore* v. *Crown Point Iron Co.* 101 N. Y. 301, it was decided that a person, who entered on the defendant's premises to see if the defendant would give him employment, was a mere licensee, and that the defendant was not liable to him for an injury caused by the unsafe condition of the place.  The diligence of counsel and an extended examination of the authorities have failed to bring to our attention any case in which the owner or occupant of a place fitted up for ordinary use in business has been held by the condition of his premises impliedly to invite persons to come there for a purpose in which the occupant had no interest, and which had no connection with the business actually or apparently carried on there.  Precisely how far, under all circumstances, an implied invitation extends, in reference to the persons to be included in it, has not been the subject of very full consideration in this Commonwealth, and is hardly capable of exact statement.  But in many cases there is language indicating that the invitation extends only to those who come on business connected with that carried on at the place, and for the transaction of which the place is apparently intended.  In *Severy* v. *Nickerson*, 120 Mass. 306, Mr. Justice Devens says, " There is no duty imposed upon an owner or occupant of premises to keep them in a suitable condition for those who come there for their own convenience merely, without any invitation, either express or which may fairly be implied from the preparation and adaptation of the premises for the purposes for which they are appropriated."  In *Marwedel* v. *Cook*, 154 Mass. 235, 236, we find this language : " The general duty which the defendants owed to third persons, in respect to the passages of the building, is well expressed in the instructions to the jury at the trial: ' If the defendants leased rooms in the building to different tenants, reserving to themselves the control of the halls, stairways, and elevator, by and through which access was to be had to these rooms, and the general lighting arrangements of those passages, then the defendants were bound to take reasonable care that such approaches were safe and suitable at all

times, and for all persons who were lawfully using the premises, and using due care, so far as they ought to have reasonably anticipated such use as involved in and necessarily arising out of the purposes and business for which said rooms were leased.'"
In *Learoyd* v. *Godfrey*, 138 Mass. 315, 323, the plaintiff, a police officer, was expressly invited to the premises by a daughter of the occupant to arrest an intoxicated person who was making disturbance in the house. In *Curtis* v. *Kiley*, 153 Mass. 123, no question was considered or clearly raised about the invitation to the plaintiff. In *Davis* v. *Central Congregational Society*, 129 Mass. 367, the plaintiff went to the defendant's church under an express invitation authorized by the defendant, and the object of her visit was among those contemplated by the defendant when the building was erected. The language used in the cases in this Commonwealth and in other States indicates that the rule in regard to the extent of the invitation implied from the preparation of property for use in business is the same here as laid down in the cases above cited from the courts of New York and of England. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368. *Elliott* v. *Pray*, 10 Allen, 378. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66. *Heinlein* v. *Boston & Providence Railroad*, 147 Mass. 136. *Reardon* v. *Thompson*, 149 Mass. 267. *Gordon* v. *Cummings*, 152 Mass. 513. *Curtis* v. *Kiley*, 153 Mass. 123. *Stevens* v. *Nichols*, 155 Mass. 472. *Campbell* v. *Portland Sugar Co.* 62 Maine, 552. *Parker* v. *Portland Publishing Co.* 69 Maine, 173.

In *Low* v. *Grand Trunk Railway*, 72 Maine, 313, it was held that the owner of a wharf was liable to a custom-house officer, who was upon it in the performance of his duty to prevent smuggling in the night-time, for an injury resulting from a defective condition of the wharf. The officer was there to prevent unlawful conduct in connection with the business carried on at the wharf with the consent of the owner, and the owner might fairly be supposed to anticipate and desire, and impliedly to invite, his presence there to protect the defendant's property from those who would unlawfully use it. Neither the decision nor the cases cited in the opinion, when carefully examined, will be found to give any countenance to the view that one who

visits a building for a purpose not connected with the use for which the building was fitted, or to which it is put, is impliedly invited to come there.

There is a class of cases to which *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368, and *Holmes* v. *Drew*, 151 Mass. 578, belong, which stand on a ground peculiar to themselves. They are where the defendant by his conduct has induced the public to use a way in the belief that it is a street or public way which all have a right to use, and where they suppose they will be safe. The inducement, or implied invitation, in these cases, is not to come to a place of business fitted up by the defendant for traffic, to which those only are invited who will come to do business with the occupant, nor is it to come by permission, or favor, or license, but it is to come as one of the public and enjoy a public right, in the enjoyment of which one may expect to be protected. The liability in such a case should be coextensive with the inducement or implied invitation.

Decisions of the same kind have been made in New York and New Jersey which are clearly distinguishable — and which have been distinguished on perhaps not very satisfactory grounds — from implied invitations growing out of the preparation of one's place of business for use by his patrons. *Barry* v. *New York Central & Hudson River Railroad*, 92 N. Y. 289. *Vanderbeck* v. *Hendry*, 5 Vroom, 467, 471.

On the facts of the case before us, we are of opinion that the plaintiff was a mere licensee in the defendant's building, and that the rulings at the trial were correct.

*Exceptions overruled.*