BENJAMIN F. BLACKSTONE *vs.* CHELMSFORD FOUNDRY
COMPANY & others.

Middlesex.   January 11, 12, 1898. — February 25, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Licensee — Negligence — Action.*

If a contractor is erecting in a building an iron stairway, the possession of which as completed he has not delivered to the owner of the building, but one of the steps of which is without a tread, an employee of the owner, who, upon return-- ing to his work in the night time and finding his accustomed route blocked by a wall which had just been built, starts to go over the stairway with a lighted lantern and steps into the opening so left and is injured, is a mere licensee, and. cannot maintain an action against the contractor for his injuries.

TORT, against the Chelmsford Foundry Company, a corporation, and Rufus E. Lord and David D. Lord, copartners as Lord Brothers, for personal injuries received by the plaintiff upon premises owned by the Massachusetts General Hospital, in whose employ he was, in that part of Belmont called Waverly, through the alleged negligence of the defendants.   Trial in the Superior Court, before *Mason*, C. J., who directed the jury to return a verdict for the defendants; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. Schofield & C. F. Appleton Smith*, for the plaintiff.

*J. Lowell*, for the Chelmsford Foundry Company.

*J. M. B. Churchill*, for Lord Brothers.

KNOWLTON, J.   The defendants, Lord Brothers, contracted with the Massachusetts General Hospital to construct certain iron corridors and an iron stairway at the McLean Asylum in Waverly.   They made a subcontract with the defendant, the Chelmsford Foundry Company, to build the stairway and certain other iron work.   At the time of the accident to the plaintiff the work called for by their contract was not completed, and the possession of it had not been delivered to the Massachusetts General Hospital by either of the contractors.   One of the steps of the stairway was without an iron tread which was necessary to its completion, and the plaintiff, walking over it with a lighted lantern in the night time, stepped through the opening

and was injured. He was a fireman employed at the McLean Asylum, and in returning to his work he found his accustomed route blocked by a wall which had just been built, so he started to go over the stairway to reach the engine room.

There was no evidence that either of the defendants invited any of the employees at the asylum to pass over the stairway or other unfinished portions of the work included in the contract. The stairway was in the control of the Chelmsford Foundry Company while in process of erection, and, if any of the employees of the McLean Asylum passed over it, they did so not by invitation, but as licensees. The duty which the contractor owed them was not to provide a safe and convenient place for travel, but to refrain from doing them any wilful injury, and from setting traps for them. As to dangers arising from his negligent mode of conducting his business in reference to the ease or difficulty of passing over his premises, they took the place as they found it, with an implied understanding that he was not to change it for their safety or convenience. This is the rule in regard to persons who are using the premises of another as mere licensees. *Metcalfe* v. *Cunard Steamship Co.* 147 Mass. 66. *Heinlein* v. *Boston & Providence Railroad,* 147 Mass. 136. *Reardon* v. *Thompson,* 149 Mass. 267. *Redigan* v. *Boston & Maine Railroad,* 155 Mass. 44. *Walker* v. *Winstanley,* 155 Mass. 301. *Plummer* v. *Dill,* 156 Mass. 426. *Hart* v. *Cole,* 156 Mass. 475.

The opening in the stairway was plainly visible to any one who attempted to pass over it in the daytime, and no one would be expected to walk about an unfinished building in the night time without a light which would enable him to see the condition of the place over which he was passing. If the plaintiff was in the exercise of due care in passing down the stairs without using his lantern in such a way as to discover the opening, which we do not decide, he was a mere licensee, to whom the defendants were under no obligation to provide a safe stairway. If there was evidence of negligence, or of a breach of contract, on the part of either of the defendants in reference to the time when the stairway should have been completed for the Massachusetts General Hospital, the plaintiff does not stand in a relation to either of them which enables him to take advantage of it. *Exchange Bank* v. *Rice,* 107 Mass. 37. *Aigen* v. *Boston & Maine Railroad,* 132 Mass. 423, 426.                *Exceptions overruled.*