MARY E. McCARVELL vs. JOSEPH SAWYER & others.

Suffolk.    March 28, 1899. — June 29, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Invitation — Due Care.*

A woman, wishing to visit a friend, went to the wrong building, asked one of the tenants if her friend lived there, and, he having said that he did not know, but that if she would enter she might find out for herself, walked along a passageway and through a door which she said was open, and fell down an elevator well. *Held*, in an action for personal injuries, that there was no invitation, and that the plaintiff was not in the exercise of due care.

TORT, against the owners of a building in Boston, for personal injuries occasioned to the plaintiff by falling into an elevator well. At the trial in the Superior Court, before *Hopkins*, J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions, which appear in the opinion.

*E. H. Savary*, for the plaintiff.

*C. S. Knowles*, for the defendants.

HOLMES, J.  This is an action for personal injuries. The plaintiff, wishing to visit a friend, went to the wrong building, walked along a passageway, walked through a door which she says was open, and fell down an elevator well. The defendants owned and were in control of the passage and the elevator well. The plaintiff had come from the Provinces, and never had seen an elevator well before. In view of the argument for the plaintiff, we may add that when she came to the building she asked a man who was standing at the entrance and who as it turned out was one of the tenants of the building, if her friend lived there. He said that he did not know, but that if she would go straight in she might find out for herself. Rulings were asked and refused that the plaintiff was on the premises by invitation, and that on the question of the plaintiff's care the jury might take into account that she never had seen an elevator. The plaintiff excepted.

Of course there was no invitation. In other words, the disposition of the premises and the relation of the defendants to the

plaintiff imposed upon them no duty or liability beyond what they would owe to every person not a trespasser who might enter their building. *Plummer* v. *Dill*, 156 Mass. 426. See *Blatt* v. *McBarron*, 161 Mass. 21, 23, 24. The reply of the tenant to the plaintiff's question did not make her his guest or in any way affect her rights. It was a disinterested suggestion, nothing more.

We need not consider whether the other ruling asked was right as an abstract rule of law when applied to a case like this, since we are of opinion that, however this may be, the plaintiff was not entitled to go to the jury, and therefore cannot complain. The plaintiff, whatever her ignorance, on coming to an ordinary sliding elevator door, such as this was, was not exercising reasonable care to step through the aperture without looking. *Gaffney* v. *Brown*, 150 Mass. 479. *Blatt* v. *McBarron*, 161 Mass. 21, 23, 24. It is true that in *Gaffney* v. *Brown* the door was shut; but, on the other hand, an elevator entrance on the face of it is peculiar, and does not suggest an ordinary passageway, even if the door is open, as the plaintiff said was the case.

*Exceptions overruled.*