Adlow, J.
The defendant was the owner of a building located at premises numbered 400 Massachusetts Avenue, in Cambridge. The building on said premises had a frontage of 51 feet and set back a distance of 10 feet from the public sidewalk. This public sidewalk was made of brick. The area between the defendant’s building and the public *257 'sidewalk was covered with granolithic. In this granolithic surface was an opening which led to the basement of the defendant’s building. This opening was covered by two iron covers, operating on hinges, and which met in the middle. The outside edge of this opening was 9 inches from the inner edge of the public sidewalk. Between the defendant’s lot and the adjoining southerly lot, on which a fire station building stood, and extending from the building line toward the sidewalk, was an iron fence, which extended 14 inches into the public sidewalk, so that a person walking along the way could not travel on the defendant’s land without going around this iron fence. One of the iron covers which covered the opening into the basement had become warped and for some time was raised above the level of the other cover. The plaintiff, while returning home from work, and walking northerly on Massachusetts Avenue, tripped over this cover and fell, and in this action of tort she seeks to recover damages for the injuries sustained.
At the close of the evidence the defendant requested the court to rule as a matter of law that the evidence compelled a finding for the defendant, and the court so ruled. Considering the evidence reported in its aspect most favorable to the plaintiff, we find no error in this ruling. A landowner owes a duty to provide a reasonably safe way for persons to go on his premises at his invitation, where the parties have a common interest,
• Davis v. Central Congregational Church, 129 Mass. 367, or for his profit, Carleton v. Franconia Iron & Steel Co., 99 Mass. 216, or where the landowner has led the public by his conduct to believe that the way over his land is a part of the public way. Sweeney v. Old Colony & Newport R. R., 10 Allen. 368.
There is no evidence that plaintiff was using the way by invitation. She was walking there as one of the public *258 under a license. The general rule is that a licensee goes upon land at his own risk and takes the premises as he finds them. Reardon v. Thompson, 149 Mass. 267. The mere fact that this portion of the defendant’s land was paved" cannot of itself be construed as an invitation. The defendant has a right to pave its property for its own convenience or use or for that of its tenants or members. Johnson v. Boston & Maine R. R., 125 Mass. 75. Reardon v. Thompson, 149 Mass. 267. Any duty which this defendant owes to the plaintiff must arise solely from the fact that the plaintiff has been led to believe that that area over which it passed, because of its similarity in character to the paving on the sidewalk, was a part of the sidewalk, and that the plaintiff had a right therefore to expect as safe and secure a way as those responsible for public ways are expeetéd to provide. Sweeney v. Old Colony & Newport Ry., 10 Allen 368. Holmes v. Drew, 151 Mass. 578. The plaintiff must rely on a so-called “representation” that the defendant’s land was a part of the street. Moffatt v. Kenny, 174 Mass. 311, 315. The test is purely objective. Would, one looking at the defendant’s land observe anything .to indicate that it was not a part of the public sidewalk? Thus in Holmes v. Drew, 151 Mass. 578, supra, the court said: “The entire sidewalk was constructed by the defendant as apparently to constitute a public sidewalk, with nothing to indicate any difference or. line of separation between what was public and what was private.”
Likewise, in Sears v. Merrick, 175 Mass. 25, at 28, the court described the premises for the condition of which the landlord was held responsible to a mere passerby; “The sidewalks on both streets throughout their entire width were covered with concrete and presented a uniform appearance, there being nothing to distinguish the part maintained by the town from the part prepared by the de *259 fendant’s testatrix, and both parts were used openly and freely for public travel.”
See also Conroy v. Allston Storage Warehouse, Inc., 1935 A. S. 2033.
In this case the situation differs radically from those situations described above. The defendant in this case did not surface his land in a manner to lead anyone to believe that it was a portion of the public way. The public way was made of brick, while the 10 feet which reached back to his building were covered with granolithic, and added to this the mere presence of the fence which prevented travelers on the highway from moving without interruption over the defendant’s land on to the area adjoining it, negatives any such “representation” as is referred to in the Moffatt v. Kenney case, supra. The element essential to create a duty toward this plaintiff is entirely lacking. All the circumstances negative the possibility of a representation that this land was a part of the public way or an invitation to use it as a part of the public way, and the court properly ruled that there was no evidence to warrant a finding for the plaintiff.
Report dismissed.