KATHERINE KENDZIOR, as Administratrix, etc., of ANDREW KENDZIOR, Deceased, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent.— Judgment affirmed, with costs. Memorandum: Plaintiff's intestate was upon defendant's land as a licensee and not as an invitee, and it was not shown that the defendant failed to perform any duty which it owed to him. All concur, except Dowling, J., who dissents and votes for reversal on the law and for granting a new trial in the following memorandum: On the evidence the jury could have found that decedent and defendant each had an interest in having the scrap wood removed from the defendant's premises; that, under those circumstances, decedent was a licensee with an interest; that the defendant was negligent in failing properly to secure the wall of the bin left standing; that defendant was negligent in failing to warn the decedent of the dangerous condition of the wall knowing that he was to take wood in close proximity thereto, and in permitting decedent to go upon its premises unaware of the danger; that, assuming decedent was a bare licensee, defendant was affirmatively negligent in that it increased the danger over that which existed when, a few minutes before the accident, it claims to have pointed out to decedent the piles of scrap wood which he was to remove; that it added to

the risk by subjecting him to a greater danger than he had expected to assume; that decedent was not contributorily negligent since, under his written permit, he was authorized to remove scrap wood, not from piles, but from the bin which was being razed. The nonsuit, therefore, was erroneously granted. (See *Sutcliffe* v. *Clients Investment Co.*, L. R. [1924] 2 K. B. 746, 755; *Mersey Docks & Harbour Board* v. *Proctor*, L. R. [1923] A. C. 253, 259; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86, 91, citing rule in *Plummer* v. *Dill*, 156 Mass. 426; 31 N. E. 128; *Purtell* v. *Philadelphia Coal Co.*, 256 Ill. 110, 115; 99 N. E. 899; *Rosenberg* v. *Schwartz*, 260 N. Y. 162, 165; *Hooey* v. *Airport Construction Co.*, 253 id. 486, 488, 489; *Gallagher* v. *Humphrey*, 6 L. T. R. 684; *Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391, 395; *Vaughan* v. *Transit Development Co.*, 222 id. 79, 84; *Indermaur* v. *Dames*, L. R. [1865–6] Com. Pleas, 274.) The judgment should be reversed and a new trial granted. (The judgment is for defendant in an action for negligence in demolishing a building.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.