No. 12311 Municipal Suffolk, ss.

MEHLINGER (Albert Mehlinger)
v. ROBINSON (Sawyer, Hardy, Stone and Morrison)

From the Municpial Court of Boston—Brackett, J.
Argued Oct. 20, 1941—Opinion filed Feb. 11, 1942

KENISTON, J. (Putnam, C. J., and Barron, J.)—This is an action of contract or tort. The declaration contains two counts, the first in contract, the second in tort for the same cause of action. The plaintiff alleges in each count that she received personal injuries by tripping over a pipe in the basement of an apartment building owned and controlled by the defendant, while she was on her way to call the janitor to attend to the plumbing, which had become clogged and out of order in the lavatory of the apartment in which she lived with her husband, who was a tenant of the defendant.

The first count alleges that the defendant, in violation of its agreement, failed to provide a safe passage to and from the apartment to the janitor's quarters and that the pipe over which the plaintiff tripped was a trap. The second count alleges that the defendant negligently failed to provide a safe passage to and from the apartment to the janitor's quarters and the pipe over which the plaintiff tripped, constituted a trap.

The entire brief and argument of the plaintiff with the cases cited seem to be directed to the question of whether the facts as set forth in the report and as found by the Court as indicated by its rulings upon the several requests would support a finding for the plaintiff. This question is not here presented. The Court has found for the defendant. The only question is whether as a matter of law a contrary finding is required.

The plaintiff's contention is that either she was an invitee and was injured by the negligence of the defendant or that

the pipe in the condition it was at the time of the accident, constituted a nuisance or a trap.

The first contention is disposed of by the Court's finding of fact as disclosed in the several rulings that the plaintiff was not an invitee. Even if the evidence might have supported such a finding as urged by the plaintiff, the evidence as reported and the facts as found by the Court did not require such a finding.

No request raises a question of law instead of a question of fact in this respect. *Lally* v. *A. W. Perry, Inc.,* 277 Mass. 463.

The second contention of the plaintiff is that the condition of the pipe constituted a nuisance or trap. The Court has found the plaintiff was not an invitee and was, therefore, only a licensee. Massachusetts decisions do not define a trap. *Moffatt* v. *Kenny,* 174 Mass. 311, 315. The true rule as to the duty of a landowner to a mere licensee is that the licensee cannot recover without proof of wilful, wanton, or reckless conduct. The expressions "hidden defect" and "hidden trap" furnish no plain or useful test of the application of that rule. *Partridge* v. *United Elastic Corp.,* 288 Mass. 138, 144. As a general rule a licensee goes upon the land of another at his own risk and must take the premises as he finds them. *Reardon* v. *Thompson,* 149 Mass. 267. The evidence does not require a finding that the defendant had created or caused a dangerous condition arranged to cause injury or of any reckless, wanton or wilful act on his part. *Cowen* v. *Kirby,* 180 Mass. 504.

The special findings of facts and the general finding for the defendant were questions of fact which this division cannot review. *Baker* v. *Davis,* 299 Mass. 345.

As the plaintiff has not argued the correctness of the rulings upon any of the twelve requests separately, they might well be treated as having been waived. *Guinan* v. *Famous Players-Lasky Corp.,* 267 Mass. 501. Although it is not necessary, we review them briefly as follows:

The considerations above set forth disposed of the Court's rulings upon Requests numbered 1 and 2. Requests numbered 3 and 4 are immaterial in view of the finding that there had been no breach of any duty owed by the defendant to the plaintiff. The facts set forth in Request No. 5 did not require a finding that the conditions constituted a nuisance and a trap or that there was wilful or reckless conduct on the part of the defendant. The defendant's negligence alone would not require a finding for the plaintiff, as the plaintiff was not an invitee.

Request No. 6 was immaterial because of the Court's finding of fact that the absence of the telephone was not a contributing cause of the accident.

Request No. 7 was rightly denied in view of the Court's

finding of fact that the plaintiff was not an invitee. The facts set forth in the request do not require a contrary finding.

There was no error in the ruling on Request No. 8 that the plaintiff's rights were coextensive with those of her husband but that she could not recover as she was not an invitee.

Request No. 9 was rightly denied. The facts stated did not require a finding that there was an implied contract.

The denial of Request No. 10 implies that there was no evidence from which the Court could find the place where the plaintiff fell was a passageway maintained by the defendant for the use of the tenants of the first apartment building to seek the janitor. While perhaps it should not have been ruled as a matter of law that there was no such evidence from which the Court could so find, in view of the finding of fact by the Court that the plaintiff was not an invitee and the express findings of fact by the Court in its denial of Request No. 7, the denial of Request No. 10 was not prejudicial. *Bresnick* v. *Heath,* 292 Mass. 293.

There was no error in ruling that Request No. 11 was immaterial in view of the finding that the plaintiff was not an invitee.

Request No. 12 was properly denied.

The order is

*Report dismissed.*