Pettingell, P. J.
Action of tort for personal injuries. The defendant is the proprietor of a gasoline station near the plaintiff’s residence. For some time prior to June 15, 1940, the date of the accident, the plaintiff, a woman of seventy-five, had been in the habit, each morning, of getting a newspaper at the drug store of one Comeau, which was near the defendant’s gasoline station. These papers came in a bundle which was left at Comeau’s before the store was open. Customers who came before the store was open took papers from the bundle and left their money with the bundle.
About three weeks before the accident, one of Comeau’s clerks made an arrangement with one of the defendant’s employees to have the papers left at the defendant’s station which was open earlier than was Comeau’s store. The defendant was not consulted about this arrangement and never knew of it, or that the papers were being left at his station, until about a week before the accident. He never talked with Comeau about the papers and testified that he *214 never sold any of the papers, each customer picking out his own and leaving the change for it. There was other evidence that neither the defendant nor his employees ever sold any papers although one of the employees had made change for customers when requested so to do. Each day after Comeau’s store was open, one of his clerks took the unsold papers, and the change for those that had been sold, to the drug store.
On the morning of the accident one of the defendant’s employees had placed an automobile in front of the island on which was the defendant’s station, and was in the act of changing a tire. He had a four wheeled jack with a long handle, the ordinary kind of a jack to be found in garages, under the rear end of the car and was sitting on the island removing the right rear wheel of the car which had been jacked up for that purpose. It was about 7:30' o’clock in the morning. The bundle of papers had arrived and was behind him on the platform on which he was sitting. The handle of the jack extended beyond the rear of the car. The plaintiff came upon the premises from the direction in which the car was headed. She saw the car and passed along the right side of it on her way to the papers, picked up two of them, and started away, fell over the jack handle and injured her knee. When the defendant’s employee saw her after the fall, she was kneeling on the ground and holding on the bumper of the ear at the left rear end of the car. There was a finding for the plaintiff, from which the defendant appeals.
From the facts thus appearing, it is apparent that there are two vital issues which must be answered in determining the plaintiff’s status on the defendant’s premises and her rights there. The first of these is whether the plaintiff was a licensee or an invitee, and the second, whether there is evidence sufficient to warrant a finding of negli *215 gence. These issues are raised by the defendant’s second and ninth requests, which are:
“2. Upon all the evidence the plaintiff cannot recover in this action, because, — (a) The defendant violated no legal duty he owed to the plaintiff, (b) The evidence does not warrant a finding that the defendant committed a breach of any legal duty owed by him to the plaintiff.”
“9. Even if the court finds that the plaintiff at the time of her accident was an invitee of the defendant, or was entitled to the rights of an invitee on the premises of the defendant, the plaintiff cannot recover in that event because: (a) The evidence does not warrant a finding that any negligence of the defendant or his agent or servants caused the plaintiff’s injury.”
There is in the evidence in the case no testimony by any witness that the defendant ever expressly invited the plaintiff to come upon his premises for any purpose. If there was any invitation at all it must be an implied one. Upon the evidence, however, it cannot be implied from the fact that the defendant had a place of business open to the public which could have constituted, from its nature or set-up, an implied invitation, because the testimony of the plaintiff explicitly stated the reason for her presence on the defendant’s premises. She was there for the single purpose of buying one or more of Comeau’s papers. Whatever might have been argued if there had been no binding explanation of her presence, no speculation on this subject is now possible in the face of her testimony as the actual reason of her going to that particular place.
There is no evidence that the papers were the defendant’s or that he had any interest in them or in their sale. The plaintiff’s testimony that when she had no change to leave for a paper, she went later to Comeau’s store to pay the amount due, is conclusive that in buying the papers she was dealing with Comean and Comean alone.
*216 The legal effect of this mental state of the plaintiff in going to the defendant’s premises is best illustrated by the language of the Supreme Judicial Court in Brosnan v. Kaufman, 294 Mass. 495, at. page 502,—
“The evidence in the case goes no farther than to show that the plaintiff entered the corridor under a license given by law. Upon his own testimony he entered the building for the specific purpose of mailing letters. It is immaterial that a., cigar stand and public telephone were maintained in the corridor, or that on some other occasion he had come on the premises for purposes connected with the sale of cigarettes or with the use of the telephone. Had he done so on the day of the accident he might have been there under an implied invitation of the defendant.”
For other cases in which the evidence definitely disclosed that the plaintiff was on the defendant’s premises solely for purposes of his own, see Zoebisch v. Tarbell, 10 Allen 385, at 386. Severy v. Nickerson, 120 Mass. 306, at 308. Weldon v. Prescott, 187 Mass. 415, at 416. Legge v. New York, New Haven & Hartford R. R., 197 Mass. 88, at 90. Norris v. Hugh Nawn, Contracting Co., 206 Mass. 58, at 60.
Nor can an invitation be implied from the fact that the defendant knew that the plaintiff was coming to his station every day for papers and did not interfere with the practice or forbid the sale of papers.
“The plaintiff’s case rests necessarily upon the proposition that a person who enters upon the premises of another on business of his own, with reasonable expectation of gratuitous favors, has the rights of an invitee as distinguished from those of a licensee. This is not the law.” Laporta v. New Central Railroad Co., 224 Mass. 100, at 103.
Failure of an owner to take active measures to prevent the use of his premises by another is not an invitation to continue such use. Redigan v. Boston & Maine Railroad, *217 155 Mass. 44, at 46, 47. Bruso v. Eastern States Exposition, 269 Mass. 21, at 24.
Merely abstaining from driving such persons off is not an invitation which, imposes any duty upon the owner of the premises or any responsibility for the condition of the defendant’s grounds. Galligan v. Metacomet Mfg. Co., 143 Mass. 527, at 528. The failure of the defendant to prohibit the use of the premises did not constitute an invitation. Reardon v. Thompson, 149 Mass. 267.
If the place is open and there is nothing to indicate that strangers are not wanted, the owner impliedly permits and licenses persons to come there for their own convenience, or to gratify their curiosity but the mere fact that premises are fitted conveniently for use by the owner does not constitute an implied invitation to strangers to come and use the place for purposes of their own. To such person it gives no more than an implied license to come for any proper purpose. Plummer v. Dill, 156 Mass. 426, at 427.
Acquiescence in the use of the premises by another is not by implication an invitation. The one so using the premises without an express invitation, remains a licensee. Hickey v. Boston & Lowell Railroad Co., 14 Allen 429, at 433. Wheelwright v. Boston & Albany R. R., 135 Mass. 225, at 229. Billows v. Moors, 162 Mass. 42, at 44. Byrnes v. Boston & Maine R. R., 181 Mass. 322, at 324. Legge v. New York, New Haven & Hartford R. R., 197 Mass. 88, at 90. Hillman v. Boston Elevated Railway, 207 Mass. 478, at 483. Cole v. L. D. Willcutt Sons Co., 214 Mass. 453, at 456. Dickie v. Davis, 217 Mass. 25, at 29. Doherty v. New York, New Haven & Hartford R. R., 229 Mass. 135, at 139. Prondecka v. Turners Falls Power & Electric Co., 238 Mass. 239, at 241. Murphy v. Boston & Maine R. R., 248 Mass. 78, at 81. Karlowski v. Kissock, 275 Mass. 180, at 183, 184. Cohen v. Davies, 305 Mass. 152, at 154.
*218 In addition to the foregoing, the use of the defendant’s premises by the plaintiff was not a use, according to the evidence, in which there was any benefit accruing or to accrue to the defendant. It was wholly a matter in which the plaintiff and Comean were interested. Such a continued use, although acquiescence in it might amount to a license, (Stevens v. Nichols, 155 Mass. 472, at 475), could not amount to an invitation. In Plummer v. Dill, 156 Mass. 426, at 428, the Supreme Judicial Court said, at page 428,
“The diligence of counsel and an extended examination of the authorities have failed to bring to our attention any case in which the owner or occupant of a place fitted up for ordinary use in business has been held by the condition of his premises impliedly to invite persons to come there for a purpose in which the occupant has no interest and which had no connection with the business actually or apparently carried on there.”
See, also, Norris v. Hugh Nawn Contracting Co., 206 Mass. 58, at 61.
The fact that an employee of the defendant made the arrangement with an employee of Comean does not help the plaintiff. Mistler v. O’Grady, 132 Mass. 139, at 141. The burden was on the plaintiff that to prove that the defendant’s agent had authority to make such an arrangement, Lanstein v. Acme White Lead & Color Works, 285 Mass. 328 at 331; there was no such evidence here. Although such agency may be inferred from the circumstances, Denny v. Riverbank Court & Hotel Co., 282 Mass. 176, at 179, there were here no such circumstances in evidence. See also, McCarvell v. Sawyer, 173 Mass. 540, at 540, 541. Wynn v. Sullivan, 294 Mass. 562, at 564, 565.
We are of opinion from the foregoing, that the plaintiff’s continued visits to the defendant’s premises to purchase Comeau’s papers left there did not constitute an implied *219 invitation to come there, but at most amounted to a license. Plummer v. Dill, 156 Mass. 426, at 430. Zoebisch v. Tarbell, 10 Allen 385, at 386. Reardon v. Thompson, 149 Mass. 267, at 268. Redigan v. Boston & Maine Railroad, 155 Mass. 44, at 47. Walker v. Winstanley, 155 Mass. 301, at 302, 303. Stevens v. Nichols, 155 Mass. 472. Hart v. Cole, 156 Mass. 475, at 477. Moffatt v. Kenny, 174 Mass. 311. Freeman v. United Fruit Co., 223 Mass. 300, at 301, at 302. Lally v. A. W. Parry, Inc., 277 Mass. 463. Comeau v. Comeau, 285 Mass. 578, at 581. Royal Indemnity Co. v. Pittsfield Electric Co., 293 Mass. 4 at 7. Brosnan v. Kaufman, 294 Mass. 495, at 502.
The general rule as to such a licensee is that he goes upon the land at his own risk and must take the premises as he finds them. “An open hole which is not concealed otherwise than by the darkness of night, is a danger which a licensee must avoid at his peril.” Reardon v. Thompson, 149 Mass. 267, at 268. “A bare licensee has no cause of action on account of dangers existing in the place he is permitted to enter, but goes there at his own risk, and must take the premises as he finds them. . . . No duty is east upon the owner to take care of the licensee, or to see that he does not go to a dangerous place, but he must take his permission with its concomitant conditions and perils, and cannot recover for injuries caused by obstructions or pitfalls.” Redigan v. Boston & Maine Railroad, 155 Mass. 44, at 47.
The duty of the owner of the premises to a licensee is to avoid wilful, wanton or reckless conduct toward the licensee. Johnson v. Boston & Maine R. R., 125 Mass. 75, at 78, 79. Davis v. New York, New Haven & Hartford R. R., 272 Mass. 217, at 220. Coulombe v. Home Coal Co., 275 Mass. 226, at 230. Partridge v. United Electric Corp., 288 Mass. 138, at 144. Cohen v. Davies, 305 Mass. 154, at 155, 156.
*220 The owner’s liability does not include liability for mere negligence. Freeman v. United Fruit Co., 223 Mass. 300, at 302. Cieplinski v. Severn, 269 Mass. 261, at 267. Leonard v. Conquest, 274 Mass. 347. Isaacson v. Boston, Worcester & New York St. Ry., 278 Mass. 378, at 387. Gravelle v. New York, New Haven & Hartford R. R., 282 Mass. 262, at 267. Bellenger v. Moran, 282 Mass. 523, at 528. Miller v. U. S. Fidelity & Guarantee Co., 291 Mass. 445, at 447. Minasian v. Aetna Life Ins. Co., 295 Mass. 1, at 5, 6. Baines v. Collins, 310 Mass. 523, at 526.
The evidence in the case at bar, taken in its strongest aspect, warranted at most no more than a finding of negligence. If the plaintiff was a licensee and not an invitee, she could not recover on the ground of negligence.
In our opinion the evidence did not warrant a finding that the plaintiff was an invitee. She was rather a licensee within the rule of such cases as Severy v. Nickerson, 120 Mass. 306. Johnson v. Boston & Maine R. R., 125 Mass. 75. Mistler v. O’Grady, 132 Mass. 139. Metcalfe v. Cunard Steamship Co., 147 Mass. 66. Shea v. Gurney, 163 Mass. 184. Blackstone v. Chelmsford Foundry Co., 170 Mass. 321. McCarvell v. Sawyer, 173 Mass. 540. Moffatt v. Kenny, 174 Mass. 311. Cowen v. Kirby, 180 Mass. 504. Norris v. Hugh Nawn Contracting Co., 206 Mass. 58. O’Brien v. Union Freight R. R., 209 Mass. 449. Cole v. Willcutt & Sons Co., 214 Mass. 453. Dickie v. Davis, 217 Mass. 25. Freeman v. United Fruit Co., 223 Mass. 300. Cohen v. Davis, 305 Mass. 154. See, also, O’Brien v. Harvard Restaurant & Liquor Co., 310 Mass. 491, at 493, 494.
It was prejudicial error, therefore, to deny the defendant’s second requested ruling.
We are of opinion, also, that it was prejudicial error to deny the defendant’s ninth requested ruling.
The work that the defendant’s employee was doing was the normal and usual way of doing work normally and *221 usually to be done on the defendant’s premises in the conduct of his business. Moreover it was being done in the broad daylight of a June morning. Nothing was wrong about the position of the car or the position or use of the jack, which was a proper instrument, properly placed for the work which was to be done.
The accident could have been avoided if the employee had placed the car in some other position, where the plaintiff did not go; in that case it might have been put in the way of some other licensee.
The defendant’s duty, however, did not require him to do more than to keep his premises, even as to an invitee, in a reasonably safe condition. Rosston v. Sullivan, 278 Mass. 31, at 34. Rynn v. Fox New England Theatres Co., 299 Mass. 258, 259. Correira v. Atlantic Amusement Co., Inc., 302 Mass. 81, at 82.
“Apart from obvious dangers, the plaintiff as an invitee, could assume that the premises were reasonably safe. . .” Brooks v. Sears, Roebuck & Co., 302 Mass. 184, at 186.
There cannot be a much more obvious danger than the protruding handle of a large jack at the rear of a jacked up car. In this respect, we are of opinion that the law is as stated in Bannister v. Berkshire Street Ry., 301 Mass. 598, at 601, at 602, and Brooks v. Sears, Roebuck & Co., 302 Mass. 184.
In those cases the plaintiffs were denied recovery because the facts appearing in them constituted obvious dangers. The plaintiffs were licensees. The dangers with which they were confronted were no more dangerous than that which confronted the plaintiff in this case. Even if the plaintiff was an invitee she would have had no right to recover because the jack was not put elsewhere, it being a proper tool, properly in use, and perfectly obvious. There *222 would have been no negligence of which she could complain. The ninth requested ruling should have been given.
As a licensee she could recover, as has been pointed out, only for an injury caused by wilful, wanton or reckless conduct, as to which there was no evidence. There was insufficient evidence to warrant even a finding of negligence on the part of the defendant. The denial of the second and ninth rulings requested by the defendant was prejudicial error. If either ruling had been given, a finding for the defendant would have been required.
The finding for the plaintiff is to be vacated, and judgment for the defendant is to be entered.